UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC HEARD, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAPTAIN JOHN JAKUBEC #15206 and | ) |
| THE CITY OF CHICAGO, | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, ERIC HEARD (hereinafter, "PLAINTIFF"), by and through his attorney, Blake W. Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., and pursuant to this Complaint at Law against the above-named Defendants, CAPTAIN JOHN JAKUBEC #15206 ("DEFENDANT JAKUBEC") and the CITY OF CHICAGO, states as follows:

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2. PLAINTIFF, ERIC HEARD, is a resident of the State of Illinois, and of the United States.

1

3. DEFENDANT, CAPTAIN JOHN JAKUBEC #15206, was at all times material and relevant hereto employed by and acting on behalf of the CITY OF CHICAGO Fire Department.

4. DEFENDANT, CITY OF CHICAGO, is a duly incorporated municipal corporation and is the employer and principal of DEFENDANT JAKUBEC. At all times material to this Complaint, DEFENDANT JAKUBEC was acting under color of state law, ordinance and/or regulation, statutes, custom and usages of DEFENDANT CITY OF CHICAGO.

## FACTS

5. In November 2017, the PLAINTIFF was employed as a deliveryman for Lion Total Care.

6. Lion Total Care is a company that makes deliveries to Chicago Fire Department firehouses.

7. As part of his job, the PLAINTIFF made deliveries to various firehouses throughout the City of Chicago.

8. On November 3, 2017, the PLAINTIFF stopped at Chicago Fire Department Engine #46.

9. On November 3, 2017, the PLAINTIFF was at Chicago Fire Department Engine #46 to make a delivery.

10. Upon entering Engine #46, the PLAINTIFF was greeted by DEFENDANT JAKUBEC and Chicago Fire Department Lieutenant Patrick McCauly.

11. After greeting the Plaintiff, Lieutenant McCauly said to DEFENDANT JAKUBEC, "You better make sure you still have your wallet."

12. The PLAINTIFF is African-American.

13. DEFENDANT JAKUBEC was standing directly in front of the PLAINTIFF.

14. While standing directly in front of the PLAINTIFF, DEFENDANT JAKUBEC reached his arms around the PLAINTIFF'S torso and put both of his hands on the PLAINTIFF'S buttocks.

15. DEFENDANT JAKUBEC placed both of his hands on the PLAINTIFF'S buttocks.

16. DEFENDANT JAKUBEC grabbed the PLAINTIFF'S buttocks. At that time, the PLAINTIFF did not feel free to leave.

17. DEFENDANT JAKUBEC squeezed the PLAINTIFF'S buttocks.

18. The PLAINTIFF did not know that DEFENDANT JAKUBEC was going to touch his buttocks.

19. The PLAINTIFF did not expect that DEFENDANT JAKUBEC was going to touch his buttocks.

20. The PLAINTIFF did not consent to DEFENDANT JAKUBEC touching his buttocks.

21. The PLAINTIFF did not consent to DEFENDANT JAKUBEC touching any part of his body.

22. After DEFENDANT JAKUBEC grabbed the PLAINTIFF'S buttocks, DEFENDANT JAKUBEC picked up the delivery receipt.

23. DEFENDANT JAKUBEC took the delivery receipt and rubbed it against his genital area.

24. While DEFENDANT JAKUBEC was rubbing the delivery receipt against his genital area, DEFENDANT JAKUBEC made obscene, sexual noises. During this time, the PLAINTIFF did not feel free to leave.

25. Afterwards, the PLAINTIFF proceeded to walk out of the room.

26. While the PLAINTIFF was walking out of the room, DEFENDANT JAKUBEC came up behind the PLAINTIFF and hit the PLAINTIFF on the back of the head.

27. DEFENDANT JAKUBEC hit the PLAINTIFF on the back of the head with the delivery receipt.

28. DEFENDANT JAKUBEC hit the PLAINTIFF on the back of the head with the delivery receipt that DEFENDANT JAKUBEC had rubbed against his genital area.

29. The PLAINTIFF did not consent to DEFENDANT JAKUBEC touching his head.

30. As a result of the unwanted and offensive touching by DEFENDANT JAKUBEC, the PLAINTIFF was humiliated.

31. Word of this incident spread among Chicago Fire Department firehouses.

32. As a result of the incident, the PLAINTIFF received ridicule from Chicago firefighters while performing his job.

33. In one instance, while making a delivery at Engine #45 on or about December 11, 2017, a firefighter asked the PLAINTIFF, "Are you the one who got your ass grabbed?"

34. While making a delivery at Engine #32 on or about December 27, 2017, the PLAINTIFF was approached by Chicago Fire Department Captain Dunnigan.

35. Captain Dunnigan told the PLAINTIFF that she had heard about the incident with DEFENDANT JAKUBEC.

36. Captain Dunnigan told the PLAINTIFF that DEFENDANT JAKUBEC has been known to inappropriately touch other firefighters in the past.

37. While making a delivery at Engine # 45 on or about January 10, 2018, a firefighter said to the PLAINTIFF, "This is a no ass-grabbing zone."

38. As a result of the ridicule the PLAINTIFF received, the PLAINTIFF was forced to leave his job with Lion Total Care.

## COUNT I
### §1983 Unlawful Seizure
### (DEFENDANT JAKUBEC)

39. The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 38 above as though fully alleged herein.

40. DEFENDANT JAKUBEC violated the PLAINTIFF'S clearly established constitutional right to be free from unlawful seizures.

41. The conduct of DEFENDANT JAKUBEC alleged above violated the Fourth Amendment of the United States Constitution.

42. The aforementioned actions of DEFENDANT JAKUBEC were the direct and proximate cause of the constitutional violations set forth above, and the PLAINTIFF suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT JAKUBEC, and such other additional relief as this Court deems equitable and just.

## COUNT II
### State Law Battery
### (DEFENDANT JAKUBEC)

43. The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 38 above as though fully alleged herein.

44. DEFENDANT JAKUBEC purposely touched the person of the PLAINTIFF in an unwarranted and offensive manner, absent the PLAINTIFF'S consent.

45. DEFENDANT JAKUBEC had a duty not to touch the person of the PLAINTIFF.

46. DEFENDANT JAKUBEC breached said duty when he offensively touched the head and buttocks of the PLAINTIFF.

47. As a result of the battery acted upon the PLAINTIFF by DEFENDANT JAKUBEC, the PLAINTIFF was injured and suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT JAKUBEC, and such other additional relief as this Court deems equitable and just.

<u>**COUNT III**</u>
<u>**745 ILCS 10/9-102 Claim**</u>
**(DEFENDANT CITY OF CHICAGO)**

48. The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 47 above as though fully alleged herein.

49. DEFENDANT CITY OF CHICAGO is the employer of DEFENDANT JAKUBEC alleged above.

50. DEFENDANT JAKUBEC, as alleged above, committed the acts under color of law and in the scope of employment with the DEFENDANT CITY OF CHICAGO.

WHEREFORE, should DEFENDANT JAKUBEC be found liable for any of the alleged counts in this case, the PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the DEFENDANT CITY OF CHICAGO pay the PLAINTIFF any judgment obtained against DEFENDANT JAKUBEC as a result of this Complaint.

## COUNT IV
### *Respondeat Superior*
### (DEFENDANT CITY OF CHICAGO)

51. The PLAINTIFF hereby incorporates by reference Paragraphs 1 through 47 above as though fully alleged herein.

52. DEFENDANT CITY OF CHICAGO is the employer of DEFENDANT JAKUBEC.

53. The aforesaid acts of DEFENDANT JAKUBEC were committed within the scope of his employment, and, therefore, DEFENDANT CITY OF CHICAGO, as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT JAKUBEC, in his individual capacity, be found liable for any of the alleged state law counts in this cause, the PLAINTIFF demands that, pursuant to the doctrine of *respondeat superior*, DEFENDANT CITY OF CHICAGO pay any judgment obtained against DEFENDANT JAKUBEC.

## JURY DEMAND

The PLAINTIFF demands trial by jury.

Respectfully submitted,

  s/Blake Horwitz
Attorney for Plaintiff


Blake Horwitz, Esq.
The Blake Horwitz Law Firm, Ltd.
111 W. Washington Street, Suite 1611
Chicago, Illinois 60602
Tel: (312) 676-2100
Fax: (312) 445-8741